UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| QUENNEL AUGUSTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1098 |
| | ) | |
| KWAME RAOUL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently detained at Knox County Jail, filed the present lawsuit pursuant to 42 U.S.C. § 1983. As a threshold matter, Plaintiff's Petition for Leave to Proceed *in forma pauperis* (Doc. 3) is granted pending receipt of Plaintiff's trust fund ledgers.

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that jail officials failed to provide a hearing before a magistrate judge regarding his detention, took his fingerprints and other identifying information without evidence of guilt, and took $20,000 from him pursuant to several criminal cases. Plaintiff alleges that the

jail charged him a daily fee while he was detained, charged a co-pay to see medical staff, and charged too much for commissary items. Plaintiff alleges that jail food is unhealthy and genetically modified and served with no fruit. Plaintiff alleges that jail officials charge him for copies or will not make copies because of a habeas corpus lawsuit he filed, and that they have printed out the wrong form for him on one occasion. Plaintiff alleges that 36-hour lockdowns inhibit his access to showers and exercise.

Plaintiff does not provide sufficient information about his allegedly prolonged detention without seeing a judge and the officials responsible for the Court to find that he states a Fourth Amendment claim based on these violations. The daily fees are generally not considered punishment for purposes of the Fourteenth Amendment, and Plaintiff does not have a procedural due process right to a pre-deprivation hearing regarding the daily fees or commissary prices. *See Tenny v. Blagojevich*, 659 F.3d 578, 582 (7th Cir. 2011); *Barnes v. Brown Cty.*, 2013 WL 1314015 (E.D. Wis., Mar. 30, 2013). Charging a co-pay for medical treatment is not unconstitutional absent evidence that it resulted in the denial of treatment. *Poole v. Isaacs*, 703 F.3d 1024 (7th Cir. 2012).

Plaintiff's allegations do not permit a plausible inference that the food the jail serves presents a substantial and immediate risk of harm as required to establish a constitutional claim. *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Plaintiff does not have a constitutional right to photocopies, *see Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983), and no plausible inference arises that he has been denied access to the courts.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the

opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Petition to Proceed in forma pauperis [3] is GRANTED. Clerk is directed to request Plaintiff's trust fund ledgers and to assess an initial partial filing fee pursuant to standard procedures once received.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 18th day of August, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE