E-FILED
Thursday, 28 May, 2026  12:53:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| QUENNEL AUGUSTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1098 |
| | ) | |
| KWAME RAOUL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER #2

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motions related to a request for a change of venue (Docs. 11, 12, 15, 17, 19), Plaintiff's Motion to Stay (Doc. 14), and Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 9).

### Plaintiff's Motions (Docs. 11, 12)

Plaintiff's Motion (Doc. 12) seeking to withdraw his first Motion to Transfer Case (Doc. 11) is granted. The Court will direct the clerk to strike the latter motion below.

### Plaintiff's Motions (Docs. 14, 15)

Plaintiff's motions ask the Court to stay proceedings because he was transferred to a different facility and state that he desires to proceed with this case. Plaintiff's stated reason for the stay appears to have resolved on its own, and the Court cannot ascertain any other relief Plaintiff seeks. Plaintiff's motions are denied.

### Plaintiff's Motion for Change of Venue (Doc. 17)

Plaintiff asks the Court to transfer this case to the Northern or Southern Districts of Illinois. Plaintiff asserts that 28 U.S.C. § 1915A is unconstitutional, and that judges in this

district have improperly dismissed cases at the screening stage pursuant to same. Plaintiff asserts that if he pays the filing fee, he is entitled to a trial on the issues he presents in his complaint. Plaintiff asserts that the Court should not collect filing fees on cases that have been dismissed.

Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *Id.*

Plaintiff alleges events that occurred in Knox County, Illinois, which is situated in this district. 28 U.S.C. § 93(b). The defendants and any witnesses presumably reside in this district, and Plaintiff has not alleged any facts that establish a connection to any other district. The Court finds that venue is appropriate in this district.

The other assertions Plaintiff makes in his motion do not provide a legal basis for a change of venue or for the Court to take any other action. Parties filing lawsuit incur an obligation to pay the appropriate filing fees, regardless of the suit's outcome. 28 U.S.C. § 1914. Adverse rulings on their own are not sufficient to require any judge to recuse herself. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994). Plaintiff's motion is denied.

### Plaintiff's Motion for Ruling (Doc. 19)

Plaintiff's motion is denied as moot with entry of this Order.

### Plaintiff's Motion for Leave to File Amended Complaint (Doc. 9)

Plaintiff's motion for leave to file amended complaint is granted. Fed. R. Civ. P. 15. The Court must "screen" Plaintiff's amended complaint, and through such process to identify and

dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendants Winbigler and Woodbury conducted a traffic stop for expired license plates on a vehicle he was driving. Plaintiff alleges that Defendants arrested him, charged him to retrieve his vehicle from the towing lot, and seized U.S. Currency and "a value of $5,000 of my personal private substance" following a search. Plaintiff alleges that his handcuffs at the jail were too tight, that officials forced him to disclose his identity and provide fingerprints, and searched him without a warrant. Plaintiff alleges that jail officials overcharged him for commissary and charged him 25% of the money family sent to him for daily jail fees.

Plaintiff's allegations related to his traffic stop appear to be the same allegations he asserted in *Augusta v. Karlin*, No. 23-cv-4235 (C.D. Ill.), a case this Court dismissed with prejudice as a sanction for Plaintiff's failure to follow court orders. *See id.*, Text Order entered Jan. 13, 2025; *Augusta v. Karlin*, 2026 WL 1093345 (7th Cir. 2026) (affirming the Court's dismissal). Any claims Plaintiff asserted in the previous case are likely barred by the doctrine of res judicata, see *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011), but the Court will permit Plaintiff an opportunity to explain whether the present claims are different.

Plaintiff does not provide sufficient information regarding the alleged application of handcuffs in an excessively tight matter to state a claim for relief. The daily fees are generally not considered punishment for purposes of the Fourteenth Amendment, and Plaintiff does not have a procedural due process right to a pre-deprivation hearing regarding the daily fees or commissary prices. *See Tenny v. Blagojevich*, 659 F.3d 578, 582 (7th Cir. 2011); *Barnes v. Brown Cty.*, 2013 WL 1314015 (E.D. Wis., Mar. 30, 2013).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's amended complaint is dismissed with leave to amend as directed below to permit Plaintiff a final opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [9] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Plaintiff's Motion [12] is GRANTED. Clerk is directed to strike Plaintiff's Motion [11].**

4) **Plaintiff's Motions [14][15][17][19] are DENIED.**

5) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 28th day of May, 2026.

_s/Sara Darrow_
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE
