E-FILED
Wednesday, 25 November, 2026 12:49:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| QUENNEL AUGUSTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1098 |
| | ) | |
| KWAME RAOUL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER #3**

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 30). The motion is granted. Plaintiff's previous motion (Doc. 26) seeking the same relief is denied as moot.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendants Woodburry and Winbigler pulled his vehicle over for a license plate violation in summer 2023, that they unlawfully searched his person and vehicle, and

that they seized $800.00 in U.S. Currency and "Private Personal Business of cocaine" valued at $10,000.00. Plaintiff alleges that he showed defendants a "lawful document of a right to travel without license" at the time of the stop. Plaintiff alleges that Defendant Pritzker "illegally had me on data computer of being on parole" which led to the allegedly illegal search.

As noted in the Court's previous Merit Review Order, the facts Plaintiff alleges here are the same set of facts from which his previous lawsuit arose. (Doc. 21 at 3). The Court dismissed that case with prejudice as a sanction for Plaintiff's failure to follow court orders, and the Seventh Circuit affirmed. *Id.* Plaintiff's most recent amended complaint in this case does not explain how his claims are different.

*Res judicata*, or claim preclusion, "bars not only those issues actually decided in the prior suit, but all other issues which could have been brought." *Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011) (internal quotations omitted). The doctrine has three elements: "(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits." *Id.* (cleaned up). The second element "depends on whether the claims arise out of the same set of operative facts or the same transaction." *Id.*

Plaintiff named Defendants Woodburry and Winbigler as defendants in the previous case. *See Augusta v. Karlin*, No. 23-cv-4235, ECF No. 1 at 1. He incorporated by reference therein the police report relevant to the traffic stop alleged in this case and alleged facts related to the license plate incident. *Id.* at 5, 24-27. This Court's dismissal with prejudice in Plaintiff's previous case is a final judgment for purposes of claim preclusion. *See Golden v. Barenborg*, 53 F.3d 866, 871 (7th Cir. 1995). The Court finds that *res judicata* bars Plaintiff's claims in this case, and it will dismiss this case accordingly. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (*res*

*judicata* provides a basis for dismissal for failure to state a claim when its applicability is apparent from the face of the complaint).

**Plaintiff's Motion for Status Hearing (Doc. 27)**

Plaintiff's motion is denied as no issues requiring a hearing are currently pending.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [30] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's Motions [26][27] is DENIED.**

3) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

4) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

5) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

6) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 25th day of November, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE